# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

MARQUIS R. ANDERSON,
AIS 189119,                              :

     Petitioner,                    :          CA 10-00582-CG-B

vs.                                      :

TONY PATTERSON,                          :

     Respondent.                    :


## <u>REPORT AND RECOMMENDATION[1]</u>

Marquis R. Anderson, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is challenging the validity of his October 31, 2006 attempted murder conviction in the Circuit Court of Mobile County, Alabama. On December 8, 2006, petitioner was sentenced to life imprisonment without the possibility of parole pursuant to Alabama's habitual felony offender statute. The Alabama Court of Criminal Appeals affirmed Anderson's conviction and

---

[1]     This action was reassigned to the undersigned Magistrate Judge on April 25, 2011. Having carefully reviewed the record, including the parties' respective briefs, the undersigned reissues the report and recommendation originally entered by Magistrate Judge Cassady on March 18, 2011.

sentence on February 22, 2008, *Anderson v. State*, 21 So.3d 796 (Ala. Crim. App. 2008) (table), and that court entered a certificate of final judgment of affirmance on March 12, 2008 (Doc. 13, Exhibit 5). Petitioner filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama collaterally attacking his conviction and sentence on January 29, 2009 and filed a motion seeking to amend his petition on March 16, 2009 (Doc. 13, Exhibit 9, at 2).[2] On December 23, 2009, the trial court entered an order denying the petition and on June 18, 2010, the Alabama Court of Criminal Appeals affirmed the trial court's decision. (*See* Doc. 13, Exhibit 9.) Petitioner's application for rehearing was overruled on July 16, 2010 and his petition for writ of certiorari was denied by the Alabama Supreme Court on October 8, 2010 (Doc. 13, Exhibits 10-11). A certificate of final judgment of affirmance was entered that same date, October 8, 2010 (*see id.* at Exhibits 11-12).

In his petition before this Court, filed October 18, 2010 (*see* Doc. 1, at 18), Anderson raises the following grounds which he claims entitle his to relief:

(1) trial counsel provided ineffective assistance (a) by failing to object to the State's use of a misdemeanor offense to enhance his sentence, (b) by failing to

---

[2]     The motion to amended was implicitly granted by the trial court inasmuch as the trial judge, in his order denying Anderson Rule 32 relief, considered the claims raised in the motion to amend. (*Compare id. with id.* at 10-11)

present to the jury certain taped phone recordings, (c) by failing to properly argue that his prior assault conviction was outside the 10-year time limit and that his possession of cocaine conviction was not a crime involving moral turpitude, and (d) by failing to object to the prosecutor withholding evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);

(2) appellate counsel provided ineffective assistance by failing to raise the foregoing claims of ineffective assistance of trial counsel on appeal; and

(3) the trial court was without jurisdiction to render judgment or impose sentence because Alabama's attempted murder statute is unconstitutionally vague.

While the respondent has admitted that petitioner has exhausted his state court remedies or that exhaustion would now be futile (Doc. 13, at 26-29), he also contends that this Court is procedurally barred from reaching the merits of petitioner's constitutional challenge to Alabama's attempted murder statute, all of his ineffective assistance of appellate counsel claims, and Anderson's claim that trial counsel failed to present to the jury certain taped phone recordings (*see id*., at 43-46). This case is ripe for a decision by this Court.

This cause is before the Court on the petition, respondent's answer with attachments, and petitioner's response to the undersigned's procedural default order. A careful review of the record has been completed and it is determined that it contains sufficient facts upon which the issues under consideration may be

properly resolved. Therefore, no evidentiary hearing is required.

## FINDINGS OF FACT

1.    On October 31, 2006, Anderson was convicted in the Circuit Court of Mobile County, Alabama of the attempted murder of Shana Dates,[3] his former girlfriend. (*Compare* Doc. 13, Exhibit 6, Docket Sheet, at 2 *with* Doc. 13, Exhibit 4, at 1.) Petitioner was sentenced, on December 8, 2006, to life imprisonment without the possibility of parole pursuant to Alabama's habitual felony offender statute. (*See* Doc. 13, Exhibit 6, Case Action Summary Sheet, at 3.)[4] Petitioner's convictions and sentences were affirmed on appeal by memorandum decision entered on February 22, 2008. *See Anderson v. State*, 21 So.3d 796 (Ala.Crim.App. 2008) (table).

> On appeal, Anderson's appointed attorney has filed a "no-merit" brief in substantial compliance with <u>Anders v. California</u>, 386 U.S. 738 (1967), in which counsel states that he has reviewed the record and can find no meritorious issues upon which to base an appeal. Anderson filed a pro se brief on September 11, 2007, and, as best we can discern, Anderson argues in his brief: (1) that the trial court failed to state that it was sentencing him as an habitual felony offender; (2) that the trial court did not ascertain whether the prior offenses had been committed in Alabama or whether they had been committed out of State and, if the offenses had been committed out

---

[3]    Dates is identified elsewhere in the record as "Shanna Laffitte." (*See* Doc. 13, Exhibit 6, Report of Investigation, at 2.)

[4]    Anderson's December 1, 2006 motions for judgment of acquittal and for new trial were denied by the trial court on December 15, 2006. (Doc. 13, Exhibit 6, Case Action Summary Sheet, at 2-3)

of State, whether the offenses would have constituted felonies in Alabama; (3) that the trial court did not determine that he had been represented by counsel when he was convicted of the prior offenses; (4) that the trial court failed to give him notice of which three felonies the State was relying on when the State sought to enhance his sentence; (5) that the record does not contain certified copies of the prior felony convictions or other adequate proof of the prior convictions; and (6) that his trial counsel was ineffective for failing to object to the foregoing errors.

As to the first five of Anderson's claims regarding sentencing, the record reflects that Anderson did not raise any of the objections at trial. Therefore, Anderson waived consideration of the issues on appeal.

Furthermore, the record reflects that, after the jury returned its verdict and found Anderson guilty of attempted murder, the prosecutor gave oral notice that it (sic) intended to invoke the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, and that Anderson had three prior felony convictions. At the sentencing hearing, defense counsel stipulated that Anderson had three prior Class C felony convictions, and acknowledged that Anderson had been on probation for possession of cocaine when he attempted to murder his former girlfriend. Defense counsel's admission that Anderson had been convicted of three Class C felonies "dispensed with the notice requirement and the State's obligation to prove the offenses."

As for Anderson's final claim – that his trial counsel was ineffective for failing to object to the alleged errors at sentencing – that issue is not properly before this Court because it is being raised for the first time on appeal.

As we have reviewed the record and can find no preserved issues warranting reversal of the trial courts' judgment, that judgment is affirmed.

(Doc. 14, Exhibit 4, at 1-3 (most internal citations omitted)) Petitioner did not file an

application for rehearing and, therefore, the certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on March 12, 2008 (Doc. 13, Exhibit 5).

2.      Anderson was deemed to have filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his convictions and sentences, on January 29, 2009 (Doc. 13, Exhibit 9, MEMORANDUM, at 2). Petitioner's Rule 32 petition was denied by the trial court on December 23, 2009. (*See* Doc. 13, Exhibit 9, at 4.) The Alabama Court of Criminal Appeals affirmed the judgment of the circuit court on June 18, 2010 in an unpublished memorandum opinion and in doing so quoted at great length from the circuit court's opinion. (Doc. 13, Exhibit 9.)

> The instant Rule 32 petition, Anderson's first, was deemed filed on January 29, 2009. In the petition, Anderson raised the following claims:
>
> 1)  that his sentence exceeds the maximum allowed by law because a misdemeanor was used for sentence enhancement;
>
> 2)  that he received ineffective assistance of counsel because his trial counsel failed to object to a jury instruction, failed to admit recordings into evidence for impeachment purposes, failed to object to the State's questioning during cross examination, failed to object when a misdemeanor conviction was used for sentence enhancement, and failed to get his previous convictions excluded from evidence;
>
> 3)  that he received the ineffective assistance of appellate counsel because his counsel failed to raise his ineffective assistance of trial counsel claims on appeal or in a motion for a new trial; and

4)  that the trial court exhibited bias and prejudice when it denied his motion in limine to prevent his prior convictions from being admitted into evidence under Rule 609(b), Ala. R. Evid.

On March 16, 2009, Anderson filed a motion to amend his Rule 32 Petition to include the following claims: 1) that the prosecution withheld exculpatory information in violation of Brady v. Maryland, 373 U.S. 83 (1963), because a bullet fragment that was recovered from the victim was not entered into evidence and was not submitted to the Department of Forensic Science for examination; 2) that his trial counsel was ineffective for failing to make an objection on Brady grounds; and 3) that the Alabama attempted murder statute is unconstitutionally vague.

On August 13, 2009, the State filed a motion to dismiss, asserting that, regarding Anderson's ineffective-assistance-of-counsel claims, he failed to meet the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and that trial counsel stipulated to Anderson's three prior felony convictions and reviewed the presentence report with Anderson, who did not disagree that he had three prior felony convictions. The State also stated that there is no indication that the State of Alabama used a misdemeanor for sentence enhancement. The State also argued that Anderson's sentence of life imprisonment without the possibility of parole is legal because Anderson did in fact have three prior felonies and was convicted of a Class A felony. In addition, the State argued that Anderson's claim that his trial counsel was ineffective for failing to object to an erroneous jury charge that the jury could accept or reject willfully false testimony was without merit because there is no pattern jury instruction on the credibility of witnesses in a criminal case. As to Anderson's claim that his trial counsel should have introduced taped conversations at trial, the State argued that this was a trial strategy and that Anderson failed to satisfy the pleading requirements of Rules 32.3 and 32.6(b).

The State averred that Anderson's ineffective assistance of appellate counsel claim-that his appellate counsel should have raised his ineffective assistance of trial counsel claims-is without merit and failed to satisfy the requirements of Rules 32.3 and 32.6(b) and the Strickland standard.

As to Anderson's substantive claim that the trial court erred in

denying his motion in limine, the State argued that this claim is without merit. The State argued that Anderson's <u>Brady</u> claim, that the prosecution withheld evidence of a bullet fragment removed from the body of the victim, was precluded and should have been raised at trial or on appeal (Rule 32.2(a)(3) and (a)(5)); the State also argued that Anderson failed to show that the bullet was newly discovered evidence. Finally, the State argued that Anderson's amended claim, that the attempted murder statute is unconstitutionally vague, is nonjurisdictional and precluded because it could have been raised at trial or on appeal. (Rule 32.2(a)(3) and (a)(5)). An affidavit by Attorney Pete Vallas, a transcript of the sentencing hearing, the presentence report, and a portion of the trial court's charge to the jury were attached to the State's motion to dismiss.

On September 17, 2009, Anderson filed a response to the State's motion to dismiss.

On December 23, 2009, the circuit court issued an order denying the petition:

### Ground I: Ineffective assistance of trial counsel.

Anderson alleges that his trial counsel was constitutionally ineffective. Anderson may properly raise this ground in his Rule 32 petition. However, Anderson's claims of ineffective assistance of counsel lack any merit.

To prove ineffective assistance of counsel, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984)[.]

Here[,] as shown below, Anderson is unable to satisfy his burden under <u>Strickland</u> to show that his counsel performed deficiently such that Anderson was deprived of a fair trial.

A. Failure to object to State's alleged use of a misdemeanor to enhance sentence.

The trial court sentenced Anderson under the habitual felony offender statute[] as if Anderson had three prior qualifying felony convictions. On appeal, Anderson complained (for the first time) that he had only two prior qualifying felony convictions. The Alabama Court of Criminal Appeals rejected Anderson's contention on the basis that the issue had not been raised to the trial court, noting that Anderson's trial counsel stipulated that Anderson had three prior qualifying felony convictions. Anderson now complains that his trial counsel was deficient not only by failing to object to the State's alleged use of a misdemeanor to enhance Anderson's sentence under the habitual felony offender statute, but also by erroneously stipulating that Anderson had three prior qualifying felony convictions.

Anderson devotes numerous pages in his Rule 32 petition to this issue. He acknowledges that he had two prior felonies: for Possession of Cocaine and Assault in the Second Degree. He also correctly proclaims that his conviction for Giving a False Name is not a felony. However, Anderson fails to note that he also has a conviction for Possessing a Pistol after Conviction of a Crime of Violence[.] The courts have determined that the offense of Possessing a Pistol after Conviction of a Crime of Violence is a felony for the purposes of the habitual felony offender statute[]. The pre-sentence investigation report, the affidavit submitted by Anderson's trial counsel, the stipulation during the sentencing and the lack of any objection by Anderson during sentencing to the stipulation, demonstrates conclusively that Anderson does have three prior qualifying felony convictions. Accordingly, Anderson's Rule 32 claims relating to the alleged improper use of a misdemeanor to enhance his sentence are due to be summarily denied.

B. Failure to object to alleged erroneous jury charge.

Anderson alleges his trial counsel failed to object to the trial court's charge to the jury concerning the credibility

of witnesses. In his Rule 32 petition, Anderson sets out the portion complained of mistakenly interpreting the language as requiring the jury to accept willful false testimony. However, the charge complained of by Anderson represents a correct statement of the law and of the duties of the jurors in considering witness testimony. There was no error in the charge and therefore no potential error by counsel in not objecting to the charge. Anderson's Rule 32 claims relating to counsel's failure to object to an allegedly improper jury charge are due to be summarily denied.

C.  Failure to introduce particular evidence.

Anderson makes vague complaints about some taped conversations which were not introduced into evidence, stating that the introduction of the tapes into evidence would have changes the trial result. As an initial matter, Anderson fails to plead sufficient facts to satisfy the pleading requirements in Rule 32.3 and 32.6(b). Accordingly, this claim is precluded for the lack of specificity required under Rules 32.6(b) and 33.3 of the Alabama Rules of Criminal Procedure.

In any event, decisions regarding whether to introduce particular evidence at trial are matters of trial strategy and tactics. Such trial strategy is to be left to the judgment of trial counsel. Anderson's trial counsel states in his affidavit that he decided not to introduce evidence of the taped conversations for fear that said evidence would result in more harm than help, in that the tapes indicated that Anderson was acting aggressive towards the victim. Not surprisingly, then, counsel made the strategic choice not to introduce the tapes.

D.  Failure to act to preclude mention of Anderson's past convictions.

Anderson argues that evidence of his past felony convictions should not have been admitted into evidence under any circumstances, even if Anderson decided to testify

10

in the case. Anderson acknowledges that his trial counsel filed a motion in limine addressing that precise issue, but Anderson complains that his trial counsel failed to: (1) argue the ten year time limit concerning his Assault conviction, and (2) failed to argue that his Possession of Cocaine conviction was not admissible to impeach Anderson because it is not a crime of moral turpitude.

With respect to the assault conviction, the record is clear that trial counsel, during his unsuccessful argument on his motion in limine, did raise the issue to the trial court that the assault conviction was more than ten years old. Anderson cannot complain about any deficient performance by his attorney in that regard.

With respect to the Possession of Cocaine conviction, Rule 609(b) of the Alabama Rules of Evidence now governs the introduction of evidence of prior convictions for impeachment purposes, and Rule 609(b) does not restrict such evidence to crimes of moral turpitude. Counsel cannot be ineffective for failing to make an argument for which there is no legal basis.

In sum, while it may be tempting for a defendant to second-guess his counsel's assistance after a conviction or adverse sentence and easy for a court to conclude after the fact that a particular act or omission was unreasonable, a court must make a fair assessment of the attorney's performance without the distorting effects of hindsight. A fair assessment requires that every effort be made to reconstruct the circumstances of the challenged conduct and to evaluate that conduct from counsel's perspective at the time it occurred. Because of the inherent difficulties in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. In this case, Anderson has failed to meet the <u>Strickland</u> test in his claims of ineffective assistance of counsel.

## Ground II: Ineffective assistance of appellate counsel.

Anderson asserts that the filing of an Anders brief by his appellate counsel constituted ineffective assistance of appellate counsel. Anderson alleges that appellate counsel could have raised the issues that trial counsel raised in the motion for new trial and the motion for judgment of acquittal. Anderson fails to allege this claim with sufficient specificity to satisfy the pleading requirements of Rule 32.3 and 32.6(b).

Additionally, Anderson complains that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel concerning the same issues addressed above. For the same reasons discussed above, Anderson has no valid Rule 32 claim concerning his appellate counsel. Again, neither trial nor appellate counsel can be ineffective for failing to take action for which there is no legal basis.

## Ground III: The sentence imposed exceeds the maximum authorized by law.

Anderson's contention here is based upon his erroneous assumption [] that the trial court relied upon a misdemeanor conviction to enhance [his] sentence under the habitual felony offender statute. Clearly, Anderson had three prior qualifying felony convictions, and those convictions were properly considered during Anderson's sentencing.

Under Alabama law, when a defendant has three prior qualifying felony convictions and is convicted of a Class A felony, and has no prior convictions for a Class A felony, the punishment choices are imprisonment for life or life without the possibility of parole, in the discretion of the trial court. Anderson and his counsel stipulated that Anderson had three prior qualifying felony convictions; thus, his sentence of life without the possibility of parole does not exceed the maximum authorized by law.

## Ground IV: The trial court exhibited bias and prejudice against Anderson.

Anderson also alleges that the trial court exhibited bias against him based on the trial court's denial of the motion in limine concerning Anderson's prior convictions. However, Anderson presented no evidence that the trial court's decision on that motion was the result of anything other than the court's interpretation and application of governing law.

As discussed above, Anderson complains that evidence of his prior convictions for Assault and Possession of Cocaine should not have been admissible under any circumstances. Anderson contends the Assault conviction, which occurred in 1996, was too old. This case went to trial in October of 2006, although the offense occurred in December of 2005. Rule 609(b) of the Alabama Rules of Evidence provides . . . .

It is not disputed that Anderson received a five year sentence for the Assault conviction, although the record is unclear precisely when Anderson was released from the confinement imposed for that conviction. Thus, it is possible the trial court found that the conviction did not exceed the ten year limit proscribed in Rule 609. In any event, Rule 609 specifically allows a trial court, in the interests of justice, to allow into evidence convictions older than ten years. There is no indication here that the trial court's ruling upon Anderson's motion in limine was the result of bias or prejudice against Anderson.

## Ground V: The non-production of exculpatory evidence.

Anderson alleges in the amendment to his Rule 32 petition that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. Specifically, Petitioner alleges the State withheld <u>Brady</u> evidence in the form of a bullet fragment removed from the victim. This claim is precluded because it could have been raised at trial or

on appeal.

Additionally, under Alabama law, when (as here) a <u>Brady</u> claim is first presented in a Rule 32 petition, the petitioner may only obtain relief under Rule 32 if the claim involves newly discovered evidence. Under Rule 32.1(e), there are five requirements which must be met before a court [finds] newly discovered facts . . . .

Here, Anderson admits in his Rule 32 petition that the evidence concerning the bullet fragment was known to him and his counsel at the time of trial. Thus, Anderson cannot meet even the first requirement of Rule 32.1(e). Accordingly, Anderson's Rule 32 claim based upon an alleged <u>Brady</u> violation is due to be summarily denied.[5]

## Ground VI: The unconstitutionality of the attempted murder statute.

Petitioner also alleges as an amended claim the Court was without jurisdiction to render the judgment or to impose the sentence, arguing that the attempted murder statute is unconstitutionally vague. However, this is [a] non-jurisdictional claim. Therefore, this claim is precluded because it could have been raised at trial or on appeal.

On appeal, Anderson reiterates the claims raised in his petition. The record supports the circuit court's order, and it thoroughly addresses Anderson's claims. We adopt it as the order of this Court. Therefore, Anderson is not entitled to any relief on his claims, and the judgment of the circuit court is due to be affirmed.

(*Id.* at 2-11 (quotation marks, ellipses and most internal citations omitted; one footnote

---

[5] "Anderson claims that he received the ineffective assistance of counsel because his trial counsel failed to raise this <u>Brady</u> claim at trial. Though the circuit court did not specifically deny this ineffective-assistance-of-counsel claim, it did conclude that the substantive <u>Brady</u> claim is without merit. Because the circuit court concluded that the <u>Brady</u> claim is without merit, it presumably concluded that counsel was not ineffective." (Doc. 13, Exhibit 9, n.2)

omitted))  Anderson's application for rehearing was overruled on July 16, 2010 (Doc. 13, Exhibit 10) and his petition for writ of certiorari to the Alabama Supreme Court was denied, without written opinion, on October 8, 2010 (Doc. 13, Exhibit 11). The certificate of final judgment of affirmance issued that same date, October 8, 2010 (*compare id. with* Doc. 13, Exhibit 12).

3.     On October 18, 2010, Anderson filed the instant habeas corpus action in this Court collaterally attacking his conviction and sentence (*see* Doc. 1, at 18).

## CONCLUSIONS OF LAW

**A.     Procedural Default Doctrine**.

1.     In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729, 111 S.Ct. at 2553-2554. This rule applies whether the state law ground is procedural or substantive.  *Id.* at 729, 111 S.Ct. at 2554.  The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id.* at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred

absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

2.      The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id*.

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id*. at 730-731, 111 S.Ct. at 2554.

3.      An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id*. at 731, 111 S.Ct. at 2554. The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. This exhaustion requirement is also grounded in principles of

comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.

.     .     .

[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him. In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id*. at 731, 732, 111 S.Ct. at 2554-2555, 2555 (internal citations omitted).

4.     In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Id*. at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the

17

presumption is not applicable.  *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559.  In

*Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme

Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never

presented to the state courts.  *Id.* at 299, 109 S.Ct. at 1069 ("The rule announced in

*Harris v. Reed* assumes that a state court has had the opportunity to address a claim that

is later raised in a federal habeas proceeding.").  Moreover, the presumption "looks

through" unexplained orders to the last reasoned decision.  *Ylst  v. Nunnemaker*, 501 U.S.

797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim,
> later unexplained orders upholding that judgment or rejecting the same
> claim rest upon the same ground.  If an earlier opinion "fairly appear[s] to
> rest primarily upon federal law," *Coleman*, 501 U.S., at 740, 111 S.Ct., at
> 2559, we will presume that no procedural default has been invoked by a
> subsequent unexplained order that leaves the judgment or its consequences
> in place.  Similarly where . . . the last reasoned opinion on the claim
> explicitly imposes a procedural default, we will presume that a later
> decision rejecting the claim did not silently disregard that bar and consider
> the merits.

501 U.S. at 803, 111 S.Ct. at 2594.  Also, the presumption "may not be applied in cases

in which the state court opinion did not, at a minimum, discuss the federal grounds at

issue." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst*  lead us to

conclude that we may not assume that had the state court issued an opinion, it would have

ignored its own procedural rules and reached the merits of this case. In fact, the most

reasonable assumption is that had the state court ruled, it would have enforced the

procedural bar."). Finally, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

5. When a petitioner has procedurally defaulted a claim, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults." *Id*. at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. Objective factors that constitute cause include "'interference by officials'" that makes compliance with the state's procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." In addition, constitutionally "[i]neffective assistance of counsel . . . is cause." Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show "'actual prejudice' resulting from the errors of which he complains."

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a

fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (internal citations omitted).

6.      In his answer, respondent asserts that this Court is procedurally barred from reaching the merits of petitioner's constitutional challenge under Rules 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure because Anderson failed to raise this issue either at trial or on direct appeal. (Doc. 13, at 43-44.) In addition, respondent contends that petitioner has procedurally defaulted all ineffective assistance of appellate counsel claims, as well as his claim that trial counsel failed to present to the jury certain taped telephone recordings, because he has not met his burden of pleading requirements under Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. (*See id*. at 44-46.)

7.      Upon closer inspection, this Court cannot find that it is unable to consider the merits of petitioner's ineffective assistance of appellate counsel claims because the trial court and Alabama Court of Criminal Appeals, in fact, found that such claims were without merit (*see* Doc. 13, Exhibit 9, at 8 ("'Additionally, Anderson complains that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel concerning the same issues addressed above. For the same reasons discussed above, Anderson has no valid Rule 32 claim concerning his appellate counsel. Again, neither trial nor appellate counsel can be ineffective for failing to take action for which

there is no legal basis.'")).[6] Moreover, since the state courts alternatively reached the merits of Anderson's claim regarding trial counsel's failure to introduce certain taped phone conversations into evidence (*see* Doc. 13, Exhibit 9, at 6), the undersigned declines to find that this Court is procedurally barred from reaching the merits of this one claim of ineffective assistance of counsel particularly given the restricted nature of that review. Nevertheless, the undersigned does find that this Court is procedurally barred from reaching the merits of Anderson's claim that Alabama's attempted murder statute is unconstitutionally vague in light of the consistent decisions of the trial court and Alabama Court of Criminal Appeals that Anderson failed to preserve this claim for appellate review (*see* Doc. 13, Exhibit 9, at 11).

8.     Turning to the issue of cause and prejudice, petitioner's position on cause for any procedural default is clear given that he contends that "any default should be imputed to the state because his trial and direct appeal counsel fail[ed] to preserve and raise th[is] claim[] on direct appeal."    (Doc. 15, at 4) The undersigned finds that petitioner cannot establish prejudice because there is nothing to suggest that Alabama's attempted murder statute is unconstitutionally vague and, therefore, no basis to find that

---

[6]     What the Alabama courts found lacked specificity, and was procedurally barred from review, were petitioner's conclusory allegations that appellate counsel provided ineffective assistance in filing an *Anders* brief on appeal instead of raising on appeal the issues asserted by trial counsel in the motion for new trial and the motion for judgment of acquittal (*see* Doc. 13, Exhibit 9, at 7-8).

trial or appellate counsel should have raised such claim at trial or on appeal.[7]

9.      The fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the *Murray v. Carrier* standard. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Anderson to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id*. at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Anderson has not come forward with any evidence which establishes his actual innocence and thereby undermines his attempted murder conviction. In fact, petitioner's conclusory argument in response to this Court's February 9, 2011 procedural default order that the bullet fragment withheld by

---

[7]      Alabama's attempt statute provides that "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense[,]" Ala.Code. § 13A-4-2(a) and, further, that an attempt is a "Class A felony if the offense attempted is murder." Ala. Code § 13A-4-2(d)(1). The undersigned finds that this statute clearly informs an individual charged thereunder what he/she must defend against. Therefore, it is not unconstitutionally vague.

the prosecution would have shown that someone else shot the victim is directly contrary to the trial testimony of the victim and two other witnesses identifying Anderson as the shooter (*compare* Doc. 13, Exhibit 1, T.T. 69-70, 198-200 & 215 (trial testimony of the victim, Shana Dates, and two witnesses, Pearl Portis and Eliza Wright, that Anderson entered the Soul House Lounge on December 19, 2005 and shot Dates three times)[8] *with* Doc. 13, Exhibit 6, Affidavit of Pete J. Vallas, at ¶¶ 13 & 15 ("The gun used in the shooting was never recovered, therefore any fragments recovered from the victim could not have been matched. . . . Furthermore, there was overwhelming evidence that Marquis Anderson is the person who shot the victim. The victim testified to this fact, along with two (2) other witnesses. . . . [T]he testimony in this case clearly showed Marquis Anderson was the shooter[and that] he intended to shoot the victim."). Accordingly, this is not one of those rare cases in which the actual innocence exception is applicable.

**B.    Merits Discussion of Remaining Claims.**

10.    Anderson filed his petition for habeas corpus relief in this Court on or about October 18, 2010, and therefore, his case clearly is obviously governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); *Bottoson  v. Moore*, 234 F.3d 526, 530 (11th Cir. 2000), *cert. denied*, 534 U.S. 956, 122

---

[8]    At trial, a trauma surgeon testified that the gunshot wound to Dates' left chest was a life-threatening injury. (Doc. 13, Exhibit 1, T.T. 169.)

S.Ct. 357, 151 L.Ed.2d 270 (2001).  As amended, § 2254 now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[9]

28 U.S.C. § 2254(d)(1) & (2) (footnote added).  Moreover, the Act, as amended, presumes as correct all determinations of factual issues made by a State court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e).

11.    In *Williams v. Taylor, supra*, the Supreme Court held that § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in

---

[9]      Based upon the facts as found by the Alabama courts in their decisions, it is clear that no argument can be made that the decisions of either of those courts was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts. More to the point, since this Court must presume as correct the determinations of all factual issues made by the Alabama courts, petitioner simply cannot rebut that presumption of correctness by clear and convincing evidence. The state courts' findings are based upon what a reasonable jury could have found the evidence to be.

state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied— the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 412-413, 120 S.Ct. at 1523; *see Bottoson, supra*, 234 F.3d at 531 ("In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'").

12.     In this case, it is clear that the Alabama courts reached the merits of petitioner's remaining claims, that is, all claims of ineffective assistance of trial and appellate counsel he has presented to this Court. (*Compare* Doc. 1, at 14-17 *with* Doc. 13, Exhibit 9, at 4-5, 6-8, 10 & n.2) Anderson cannot establish his entitlement to relief under

§ 2254(d)(1) & (d)(2) with respect to any of these ineffective-assistance-of-counsel claims. In this regard the undersigned notes generally that petitioner has not and cannot show, under the "contrary to" clause, that the Alabama courts, arrived at any conclusions opposite to those reached by the Supreme Court of the United States on any question of law or decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Moreover, as indicated above, under the "unreasonable application" clause, petitioner has not and cannot establish that the Alabama courts, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case.

13.    Anderson's ineffective assistance of trial and appellate counsel claims (Doc. 1, at 14-17) were discussed and rejected by the Circuit Court of Mobile County, Alabama and the Alabama Court of Criminal Appeals in their decisions on collateral review (*see* Doc. 13, Exhibit 9). Both courts specifically cited to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and, therefore, were well aware of the guiding principles set down by the Supreme Court in that case in reaching their decisions on petitioner's ineffective assistance of trial and appellate counsel claims. Petitioner cannot and has not shown that either Alabama court unreasonably applied any relevant precedent with respect to his claims of ineffective assistance of counsel nor is it debatable among reasonable jurists that the result of which petitioner claims is incorrect. Stated differently, it is not debatable among reasonable

26

jurists that the trial court's rejection of petitioner's ineffective assistance of trial and appellate counsel claims is inherently incorrect.[10]

###   C.   Certificate of Appealability.

14.    Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).   A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146

---

[10]    In fact, both courts did as good a job as this Court has seen in addressing the merits of petitioner's claims of ineffective assistance of trial and appellate counsel and correctly determined, in the undersigned's opinion, that neither trial or appellate counsel provided constitutionally ineffective assistance.

L.Ed.2d 542 (2000), and, in even larger measure, on the merits of underlying constitutional claims, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *id.*; *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Because Alabama courts routinely and consistently hold that "[r]eview on appeal is limited to review of questions properly and timely raised at trial[,]" *Newsome v. State*, 570 So.2d 703, 716 (Ala.Crim.App. 1989) (citations omitted) and Anderson has not established either cause or prejudice for his procedural default of his claim that Alabama's attempted murder statute is unconstitutionally vague, the undersigned finds that a reasonable jurist could not conclude that this Court is in error for failing to reach the merits of this claim, *see, e.g., Coleman v. Thompson, supra,* nor could a reasonable jurist conclude that

petitioner should be allowed to proceed further with respect to this claim. *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Moreover, with respect to all other claims raised by petitioner, that is, his ineffective assistance of trial and appellate counsel claims, the undersigned recommends that the Court find that reasonable jurists could not debate whether Anderson's § 2254 habeas petition should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

15. Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge finds, in part, that this Court is procedurally barred from reaching the merits of petitioner's unconstitutionally-vague statute claim and, with

respect to his remaining ineffective-assistance-of-counsel claims, that petitioner's rights were not violated in this cause such that his request for habeas corpus relief should be denied. Anderson is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the **5th** day of **May, 2011**.

     **/s/ SONJA FAYE BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).    The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[11]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).