IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARQUIS R. ANDERSON, ) | |
| AIS 189199, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 10-00582-CG-B |
| ) | |
| TONY PATTERSON, ) | |
| ) | |
| Respondent. ) | |

### ORDER

This matter is before the Court on the report and recommendation of the magistrate judge (Doc. 21), the objection of petitioner to the report and recommendation (Doc. 22), the objection (Doc. 23) and brief of respondent to the report (Doc. 24), and petitioner's motion to reject and dismiss respondent's objections to the report (Doc. 25). The magistrate judge recommended that petitioner's constitutional challenge to Alabama's attempted murder statute was procedurally defaulted and that petitioner has failed to establish ineffective assistance of trial or appellate counsel with respect to his remaining habeas claims. In his objection, respondent has argued that this Court is also procedurally barred from reaching the merits of petitioner's ineffective assistance of appellate counsel relating to the filing of an Anders brief on direct appeal and petitioner's ineffective assistance of trial counsel claim regarding counsel's failure to present certain taped phone recordings to the jury. (Doc. 23 at 12; Doc. 24 at 12, 16-17). Respondent asks

this Court to reject the report and recommendation in part, so that the court's opinion to reflects that these claims are also procedurally defaulted.[1]  (Doc. 23 at 16).

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of the court, with the exceptions described below.  Petitioner's objection to the report and recommendation (Doc. 22)[2] and motion to reject and dismiss respondent's objections to the report (Doc. 25)[3] are **DENIED**.

## I. Amendments to the Report and Recommendation

### A. Ineffective Assistance of Trial Counsel Claim

With respect to petitioner's ineffective assistance of trial counsel for failing to introduce the taped prison recordings into evidence, the Alabama Court of Criminal Appeals stated the following:

---

1  Respondent does not object to the ultimate conclusion reached by the magistrate judge, but, rather, seeks a modification of certain conclusions contained in the report and recommendation. (See Docs. 23, 24).

2  The petitioner failed to file a brief in support of his statement of objection.  The Court, therefore, finds that petitioner has abandoned his objection.  See S.D. Ala. L.R. 72.4 (June 1, 1997) ("Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.").

3  Petitioner's argument that respondent's objection was not timely is meritless.  The report and recommendation issued by Judge Bivens on May 5, 2011 (Doc. 21) ordered that objections were due by May 25, 2011.  Respondent timely filed its objection on May 25, 2011.  (Doc. 23).  Alternatively, petitioner's claim that respondent's objections are frivolous because his claims were pled with specificity under Ala. R. Crim. P. 32.2 and 32.6(b) is unsupported by the record. Accordingly, petitioner's motion to reject and dismiss respondent's objections to the report (Doc. 25) is **DENIED**.

> Anderson makes vague complaints about some taped conversations which were not introduced into evidence, stating that the introduction of the tapes into evidence would have changed the trial result.  <u>As an initial matter, Anderson fails to plead sufficient facts to satisfy the pleading requirements in Rule 32.3 and 32.6(b).  Accordingly, this claim is precluded for the lack of specificity required under Rules 32.6(b) and 33.3 of the Alabama Rules of Criminal Procedure.</u>
>
> In any event, decisions regarding whether to introduce particular evidence at trial are matters of trial strategy and tactics.  Such trial strategy is to be left to the judgment of trial counsel.  Anderson's trial counsel states in his affidavit that he decided not to introduce evidence of the taped conversations for fear that said evidence would result in more harm than help, in that the tapes indicated that Anderson was acting aggressive towards the victim.  Not surprisingly, then, counsel made the strategic choice not to introduce the tapes.

(Doc. 13, Exhibit 9 at 6 (emphasis added)).  The magistrate judge properly concluded that the state court alternatively reached the merits of this claim, but nonetheless "decline[d] to find that this Court is procedurally barred from reaching the merits . . . given the restricted nature of that review." (Doc. 21 at 21).  This Court does not have discretion to choose whether to rely on an independent and adequate state procedural bar, and therefore, concludes that this claim is procedurally defaulted.  <u>See Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.").

### B.  <u>Ineffective Assistance of Appellate Counsel Claim</u>

Similarly, petitioner's ineffective assistance of appellate counsel claim relating to the filing of an <u>Anders</u> brief was also dismissed by the Alabama Court of

Criminal Appeals on an independent and adequate state law ground:

> Anderson asserts that the filing of an Anders brief by his appellate counsel constituted ineffective assistance of appellate counsel. Anderson alleges that appellate counsel could have raised the issues that trial counsel raised in the motion for new trial and the motion for judgment of acquittal. <u>Anderson fails to allege this claim with sufficient specificity to satisfy the pleading requirements of Rule 32.3 and 32.6(b)</u>.
>
> Additionally, Anderson complains that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel concerning the same issues addressed above. For the same reasons discussed above, Anderson has no valid Rule 32 claim concerning his appellate counsel. Again, neither trial nor appellate counsel can be ineffective for failing to take action for which there is no legal basis.

(Doc. 13, Exhibit 9 at 7-8 (emphasis added)).

The state court's discussion quoted above described two claims: (1) that it was ineffective assistance of appellate counsel to file an Anders brief and (2) that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel concerning counsel's decision to file the Anders brief. With respect to the first claim – the only appellate counsel claim to which Respondent has objected – the state court relied solely upon the state procedural bar. (See Doc. 13, Exhibit 9 at 8 ("Anderson fails to allege this claim with sufficient specificity to satisfy the pleading requirements of Rule 32.3 and 32.6(b).")).

The magistrate judge recognized that this claim of ineffective assistance of appellate counsel "lacked specificity, and was procedurally barred from review," (Doc. 21 at 21 n. 6), but relied upon the language in the second quoted paragraph above to conclude that the state court also found that the claim lacked merit. (See id. at 20-21). As previously stated, this Court does not read the state court opinion to reflect any

merits-based review with respect to this particular claim, but even if the state court did consider the merits of this claim, this Court concludes that it was an alternative ruling under the Eleventh Circuit's ruling in Alderman.  Therefore, this claim is procedurally defaulted, and this Court is barred from reviewing it on the merits.  Alderman, 22 F.3d at 1549 (quoting Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (internal citation omitted)) ("As the Supreme Court stated, 'a state court need not fear reaching the merits of a federal claim in an alternative holding.  By its very definition, the adequate and independent state ground doctrine rule requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.'").

## Conclusion

The report and recommendation is adopted with the exceptions described herein, which reflect that Petitioner's ineffective assistance of trial counsel claim relating to the recorded prison phone calls and the ineffective assistance of appellate counsel claim relating to the filing of the Anders brief on direct appeal are procedurally defaulted, and therefore, not considered by this Court on the merits.

**DONE** and **ORDERED** this the 8th day of June, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE